OPINION
{¶ 1} Defendants-appellants Charles Owen, Jr. and Kathryn Owen appeal from the January 19, 2005, Entries of the Perry County Court of Common Pleas denying defendants-appellants' Motion for Summary Judgment while granting those filed by defendants-appellees Fred and Joyce Miller and Farm Credit Services of Mid America.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 13, 2002, appellees Fred and Joyce Miller conveyed, pursuant to a general warranty deed, a forty (40) acre tract of land to appellees Michael and Cynthia Symons. The deed was recorded in Perry County on October 7, 2002.
 {¶ 3} Subsequently, on June 7, 2004, after appellants claimed title to the same tract of land, appellees Symons filed an action to quiet title or, in the alternative, to recover against appellants and appellees Millers for breach of the statutory general warranty covenants pursuant to R.C. 5302.06. Appellee Farm Credit Services of Mid America FLCA, which holds an interest in the subject property pursuant to a purchase money mortgage executed by appellees Symons on September 13, 2002, was later added as a defendant.
 {¶ 4} There are two separate chains of title to the subject property and two different tax parcel numbers associated with these chains of title. Appellees Symons claim title to the subject property through the following chain of title:
 {¶ 5} 1939 — Edgar Denman transferred the subject property to Marie P. Denman and Elizabeth Denman Stover via a Certificate of Transfer filed for record on July 13, 1939.
 {¶ 6} 1993 — The property became tax delinquent, and was transferred by Sheriff's deed from Marie P. Denman and Elizabeth Denman Stover to T.B. Drilling, the purchaser at a tax sale.
 {¶ 7} 1994 — T.B. Drilling Co. transferred the property by Limited Warranty Deed to Lowman Lumber Co., Inc. and Sturgil K. Lowman. The deed was filed for record on May 10, 1994.
 {¶ 8} 1996 — Lowman Lumber Co. Inc., and Sturgil Lowman transferred the property by Warranty Deed to appellees Fred and Joyce Miller. The deed was filed for record on November 18, 1996.
 {¶ 9} 2002 — Appellees Millers transferred the property by Warranty deed to appellees Michael and Cynthia Symons. The deed was filed for record on October 7, 2002.
 {¶ 10} In turn, appellants claim title to the same property through the following chain of title:
 {¶ 11} 1939 — Edgar Denman transferred the subject property to Marie P. Denman and Elizabeth Denman Stover via a Certificate of Transfer filed for record on July 13, 1939.
 {¶ 12} 1948 — Marie P. Vossler (formerly Marie P. Denman) and Elizabeth D. Mahon (formerly Elizabeth Denman Stover), and their respective spouses, transferred the property by Warranty Deed to Carmi R. Jones. The deed was recorded on or about January 6, 1949.
 {¶ 13} 1948 — Carmi R. Jones transferred the property by Exchange Deed to the United States of America. The deed was filed for record on March 9, 1949.
 {¶ 14} 1983 — The United States of America transferred the property by Exchange Deed to Peabody Coal Co. The deed was filed for record on February 25, 1983.
 {¶ 15} 1998 — Peabody Coal Co. transferred the property by Warranty Deed to appellants Charles and Kathryn Owen. The deed was filed for record on April 16, 1999.
 {¶ 16} When recording the deed to Carmi Jones, the Perry County Recorder indexed the deed only under the names of Marie P. Vossler and Elizabeth D. Mahon and not the names under which they acquired title, which were Marie P. Denman and Elizabeth Denman Stover. For such reason, anyone running a title search would not have found the deed to Carmi Jones or subsequent deeds in appellants' chain of title.
 {¶ 17} Subsequently, appellants, appellees Miller, and appellee Farm Credit Services all filed Motions for Summary Judgment. Appellees, in their motions, argued, in part, that appellants' claim was barred by the statute of limitations contained in R.C. 5723.13. The trial court, as memorialized in two Entries filed on January 19, 2005, granted the Motions for Summary Judgment filed by appellees Farm Credit Services and appellees Miller. The trial court, in one of its January 19, 2005, Entries, stated, in relevant part, as follows:
 {¶ 18} "The Plaintiffs, Michael and Cynthia Symons received the property in question in 2002 by way of a Warranty Deed from Fred and Joyce Miller. As set forth and agreed to by all parties involved herein, the Symons' chain of title runs back to Edgar Denman who owned the property and transferred the same in 1939. Thereafter, the property in question was transferred by Sheriff's Deed after a tax sale and transferred out of the names of Marie P. Denman and Elizabeth Denman Stover to T.B. Drilling Co. in 1993. An examination of the Symons title chain reveals no defects or mistakes in indexing of any of the deeds from 1939 to the present.
 {¶ 19} "The Defendant Owens chain of title showed a misindexing in that the property in question was transferred from Edgar Denman to Marie P. Denman and Elizabeth Denman Stover in 1939 and was never transferred out of their names until the Perry County tax sale of 1993. The Defendant Owen's chain of title shows the property in question being sold by Marie P. Vossler and Elizabeth D. Mahon and their respective spouses by way of Warranty Deed to Carmi R. Jones in 1948. If a proper title examination had been run in 1948 at the time of that transfer, or at the time of the transfer from Carmi R. Jones to the United States of America in 1948, or at the time of the transfer from Peabody Coal Company by way of Warranty Deed to Charles and Katherine Owen in 1998, it would have revealed the fact that there was no transfer into the names of Marie P. Vossler or Elizabeth D. Mahon, prior to the transfer out of their names in 1948. Due to the indexing problem appearing in the Owen's chain of title and not in the Symons chain of title, this Court finds it appropriate to declare that the Symons chain of title is superior."
 {¶ 20} Furthermore, the trial court held that appellants' claim was barred by the one year statute of limitations contained in R.C. 5723.13. The trial court, in a separate Entry filed on January 19, 2005, denied appellant's motion for summary judgment.
 {¶ 21} Appellants now raise the following assignments of error on appeal:
 {¶ 22} "I. THE COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT OF APPELLEES/PLAINTIFFS, DEFENDANTS/MILLER AND DEFENDANT/FARM CREDIT SERVICES IN THAT THERE WAS NO VALID TITLE OWNED BY ALLEGED DELINQUENT TAX PAYERS AT THE TIME OF SHERIFF'S SALE.
 {¶ 23} "II. THE COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEES/DEFENDANTS MILLER IN ITS ANALYSIS OF THE CHAIN OF TITLE.
 {¶ 24} "III. THE COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT OF APPELLEE/DEFENDANT FARM CREDIT SERVICES OF MID-AMERICA.
 {¶ 25} "IV. THE COURT ERRED IN DENYING THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANT'S/APPELLANTS."
 {¶ 26} This matter reaches us upon a grant of summary judgment. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56(C) which provides the following, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 27} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. Further, trial courts should award summary judgment with caution. "Doubts must be resolved in favor of the non-moving party." Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 359,1992-Ohio-95, 604 N.E.2d 138.
 {¶ 28} It is pursuant to this standard that we review appellants' assignments of error.
 I, II, III, IV {¶ 29} Appellants, in their four assignments of error, argue that the trial court erred in granting the Motions for Summary Judgment filed by appellees Farm Credit Services and appellees Miller and in denying appellants' Motion for Summary Judgment. We agree.
 {¶ 30} As is stated above, the trial court found, in part, that appellants' claim that they had title to the subject property was barred by R.C. 5723.13. Revised Code 5723.13 states as follows: "Whenever real property in this state is sold under sections 5721.01 to 5721.28, inclusive, or 5723.01 to 5723.19, inclusive, of the Revised Code, no action shall be commenced, nor shall any defense be set up to question the validity of the title of the purchasers at such sale for any irregularity, informality, or omission in the proceedings relative to the foreclosure, forfeiture, or sale, unless such action is commenced or defense set up within one year after the deed to such property is filed for record." The trial court noted that no such attack had taken place within one year of the tax sale in 1993.
 {¶ 31} As noted by the court in Weir v. Gillespie (1985),26 Ohio App.3d 48, 51, 498 N.E.2d 177, 180 "[t]his section [R.C.5723.13] limits the bringing of actions as to irregularity, informality, or omissions in proceedings in [tax] foreclosure sales. Where the sale is invalid and no title at all passes to the purchaser, such constitutes more than an irregularity or omission and renders the entire proceeding void." Revised Code 5723.13 does not apply when a judgment is void. See Rinehart v.Howard (Sept. 12, 1985), Franklin App. Nos. 84AP-1113, 84AP-1114, 1985 WL 10159.[1]
 {¶ 32} In turn, R.C. 5723.14 states as follows: "The sale of any tract or lot of land under sections 5723.01 to 5723.19, inclusive, of the Revised Code, on which the taxes and assessments have been regularly paid previous to such sale, is void, and the purchaser, his heirs, or assigns, on producing the certificate of sale to the county auditor shall have his money refunded from the county treasury."
 {¶ 33} In the case sub judice, Peabody Coal Co., appellants' predecessor in title, had paid taxes on the subject property from 1984 to 1993 when the property was sold at a tax sale to T.B. Drilling, appellees Symons' predecessors in title.[2] Since no taxes were owed on the property at the time of the tax sale, the tax sale of the same to T.B. Drilling was null and void. A void sale clearly constitutes more than an irregularity, informality or omission under R.C. 5723.13. See Weir, supra. For such reason, we find that appellants' claim that they had title to the subject property was not barred by the one year limitation period contained in R.C. 5723.13. Rather, the tax sale of the property to T.B. Drilling in 1993 was null and void and the title obtained as a result of such sale was invalid. In short, appellees Michael and Cynthia Symons do not have a valid title to the subject property whereas appellants do.
 {¶ 34} Based on the foregoing, we find that the trial court erred in granting appellees' Motions for Summary Judgment while denying that filed by appellants.
 {¶ 35} Appellants' four assignments of error are, therefore, sustained.
 {¶ 36} Accordingly, the judgment of the Perry County Court of Common Pleas is reversed and this matter is remanded for further proceedings.
Edwards, J. Boggins, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Perry County Court of Common Pleas is reversed and this matter is remanded for further proceedings. Costs assessed to appellees.
[1] In Rinehart, the tax foreclosure sale judgment was held to be void since the county treasurer had not obtained proper service on the owners of the subject property. The court, inRinehart, held that R.C. 5723.13 was not pertinent since the judgment was void. See also Bunner-Richards Builders, Inc. v.McNamara, Lucas County Auditor (Nov. 20, 1981), 1981 WL 5822. In such case, the Court held with respect to a tax forfeiture sale, as follows: "The immediate question for review is whether the county officials' actions in proceeding under the "short cut" provisions of R.C. Sections 5721.14 through 5721.17 constituted a mere "irregularity, informality or omission" so as to preclude appellant's claim due to appellant's failure to meet the requirements of the one-year statute of limitations. By proceeding under the "short cut" forfeiture procedures of Sections 5721.14 through 5721.17, the county officials were able to ignore other provisions of the Ohio Revised Code which required findings as to the amount of taxes due on the parcels, service by publication made once per week for three consecutive weeks, and the ordering for sale of property on at least two separate occasions. This court finds such provisions more than mere "informalities" or "omissions," and hence finds that R.C.5723.13 is inapplicable to the instant case and provides no bar to appellant's claim." Id. at 2.
[2] The parties do not dispute such fact.