[Cite as *Ledyard v. Plymouth Park Tax Serv., L.L.C.*, 2012-Ohio-3817.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97807

---

# EDWARD LEDYARD, ET AL.

PLAINTIFFS-APPELLANTS

vs.

# PLYMOUTH PARK TAX SERVICE, LLC

DEFENDANT-APPELLEE

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-739388

**BEFORE:**  E. Gallagher, J., Blackmon, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:**  August 23, 2012

**ATTORNEY FOR APPELLANTS**

George W. MacDonald
514 Glen Park Drive
Bay Village, Ohio    44140


**ATTORNEY FOR APPELLEE**

Dean W. Kanellis
Keith D. Weiner & Associates Co.
75 Public Square, 4th Floor
Cleveland, Ohio    44113

EILEEN A. GALLAGHER, J.:

{¶1} Plaintiffs-appellants Edward and Earnestine Ledyard appeal from the judgment of the trial court granting summary judgment in favor of Plymouth Park Tax Service, LLC. The appellants argue that genuine issues of material fact remain to be litigated and, thus, the trial court erred in its grant of summary judgment. For the following reasons, we affirm the decision of the trial court.

{¶2} Plaintiffs-appellants were the owners of a home located at 1411 Yellowstone Road, Cleveland Heights, Ohio. Between the years of 1997 and 1999, the appellants failed to make real property tax payments. In response, on October 29, 1999, as part of a negotiated sale held pursuant to R.C. 5721.33, the Cuyahoga County Treasurer sold a tax certificate to GLS capital, which was assigned number 68302024-99. The certificate identified the plaintiffs-appellants as the owners of the parcel and covered missed property tax payments for the year 1997-1998 and had a certificate redemption price of $13,019.14. On October 16, 2002, the original tax certificate was revised, and re-recorded as Instrument No. 200210171855 of the Cuyahoga County Recorder's records. On October 13, 2000, the treasurer sold a subsequent tax certificate to GLS, which was identified as No. 683002024-00; the subsequent tax certificate listed the same parcel number and owner as the first. This second certificate covered missed property tax payments for 1999 and had a certificate

redemption price of $4,478.30.

{¶3} On November 3, 2004, GLS transferred the two certificates to Plymouth Park, which were then endorsed and re-filed with the County Recorder as Instrument Nos. 200411161546 and 200411161547.

{¶4} Despite their serious delinquency in property taxes, the plaintiffs-appellants continued to make no effort to pay the property taxes due on the property. Accordingly, the treasurer sold Plymouth Park two more tax certificates: No. 200503040037, for the years of 2000-2003 and having a certificate redemption price of $24,617.11, and No. 200610110670 for the years 2004-2005 and having a certificate redemption price of $13,822.80.

{¶5} On November 7, 2007, Plymouth Park filed a complaint for foreclosure in the Cuyahoga County Court of Common Pleas, Case No. CV-641082 against the plaintiffs-appellants. Plymouth Park's claim for foreclosure was based on the four tax certificates that it held.

{¶6} After being served with the foreclosure complaint, Edward Ledyard entered an appearance and filed an answer. Earnestine Ledyard did not answer or otherwise appear in the foreclosure case. As a result, on April 15, 2008, Plymouth Park filed a motion for default judgment against Earnestine Ledyard and a motion for summary judgment against Edward Ledyard. Following a hearing, the trial court granted Plymouth Park's dispositive motions and decreed foreclosure on the certificate

parcel on May 23, 2008.

{¶7} As part of its decision, the court found that Plymouth Park was certificate holder of four tax certificates, that the certificates' redemption price was due and unpaid, and that Plymouth Park was entitled to foreclosure of its lien interest. Thereafter, Plymouth Park ordered the sale of the property and after being offered for sale twice, the property was forfeited back to Plymouth Park, who then became the fee simple owner thereof.

{¶8} On October 19, 2010, plaintiffs-appellants initiated the current action by filing a complaint against Plymouth Park, alleging that Plymouth Park had not timely paid for the four tax certificates that formed the basis of their 2008 foreclosure action. Plymouth Park responded by filing a motion to dismiss, arguing that the plaintiffs-appellants' claims were barred by res judicata and even if they were not barred, plaintiffs-appellants' claims were meritless. The trial court converted Plymouth Park's motion to dismiss to a motion for summary judgment and allowed the parties to conduct discovery.

{¶9} On September 30, 2011, Plymouth Park filed a supplemental memorandum and affidavit in support of summary judgment. In the attached affidavit, Plymouth Park offered the testimony of County Fiscal Officer Richard Sensenbrenner who stated that payment for each of the four tax certificates was timely made on the date of purchase.

{¶10} In response, the plaintiffs-appellants filed a brief in opposition

challenging Mr. Sensenbrenner's lack of personal knowledge about the four tax certificates and renewed their argument that the certificates were not paid for at the time Plymouth Park initiated foreclosure proceedings. In support of this argument, plaintiffs-appellants attached a Freedom of Information Act request for "copies of all checks and verification of payment for the [four tax certificates]." The plaintiffs-appellants also included the response from the County Fiscal Office showing two checks dated December 2010 and January 2011.

{¶11} On December 8, 2011, the trial court granted Plymouth Park's motion for summary judgment, concluding that plaintiffs-appellants' arguments were barred by the doctrine of res judicata and that plaintiffs-appellants failed to state a claim upon which relief can be granted.

{¶12} Plaintiffs-appellants appeal, raising the following assignment of error:

> The Court of Common Pleas erred in granting summary judgment to defendant-appellee when said defendant failed to present evidence that it had ever paid for tax certificates which were at issue between the parties, and which formed the basis for a prior foreclosure judgment which Plaintiffs-Appellants were seeking to have declared void, and in which the only evidence Appellee presented in support of its motion was an affidavit by a party with no direct knowledge, while not presenting actual proof of payment.

{¶13} We agree with the trial court's conclusion that the plaintiffs-appellants' claim is barred by the doctrine of res judicata.

> The doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as * * * estoppel by judgment, and issue preclusion, also known as collateral estoppel. *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 1995-Ohio-331, 653 N.E.2d 226 (1995). Claim

preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action. *Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395, 1998-Ohio-435, 692 N.E.2d 140 (1998). Where a claim could have been litigated in the previous suit, claim preclusion also bars subsequent actions on that matter. *Grava*, 73 Ohio St.3d at 382, 653 N.E.2d 226.

Issue preclusion, on the other hand, serves to prevent relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies. *Fort Frye*, 81 Ohio St.3d at 395, 692 N.E.2d 140. Issue preclusion applies even if the causes of action differ. *Id.* *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 61, 2007-Ohio-1102, 862 N.E.2d 803. *See, also, State ex rel. Davis v. Public Employees Ret. Bd.*, 174 Ohio App.3d 135, 2007-Ohio-6594, 881 N.E.2d 294 (holding that "issue preclusion precludes relitigation of an issue that has been actually and necessarily litigated and determined in a prior action").

**{¶14}** The trial court properly dismissed the instant case under the doctrine of res judicata. Specifically, the issue of whether Plymouth Park used valid tax certificates as the basis for foreclosing on plaintiffs-appellants' property has already been decided by a court of competent jurisdiction and, thus, plaintiffs-appellants are precluded from relitigating this issue. *See, Plymouth Park Tax Servs. v. Ledyard*, Cuyahoga C.P. No. CV-07-641082 (May 23, 2008). Additionally, even if plaintiffs-appellants failed to raise this exact argument during their foreclosure case, the doctrine of res judicata still acts as a bar to this action. "It has long been the law of Ohio that an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit." *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 558 N.E.2d 1178 (1990); *Grava*. *See also Rogers v.*

*Whitehall*, 25 Ohio St.3d 67, 494 N.E.2d 1387 (1986), "the doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it."

{¶15} The Ohio Supreme Court set forth a three-part test for applying issue preclusion, also known as collateral estoppel, in *Thompson v. Wing*, 70 Ohio St.3d 176, 183, 1994-Ohio-358, 637 N.E.2d 917 (1994):

> Collateral estoppel applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action.

{¶16} Additionally, this court has held that

> [t]he essential test in determining whether the doctrine of collateral estoppel is to be applied is whether the party against whom the prior judgment is being asserted had full representation and a "full and fair opportunity to litigate that issue in the first action." *Cashelmara Villas Ltd. Partnership v. DiBenedetto*, 87 Ohio App.3d 809, 813, 623 N.E.2d 213 (8th Dist.1993).

{¶17} Plaintiffs-appellants were the defendants in the foreclosure action filed by appellee Plymouth Park in the Cuyahoga County Court of Common Pleas. The issue of whether Plymouth Park's tax certificates were valid constituted a defense in the prior foreclosure action. That issue was decided by the trial court in the foreclosure case that found that Plymouth Park was entitled to enforce the tax certificates against the plaintiffs-appellants. Accordingly, the judgment was final and appealable, involved the same parties, and the issues raised or that could have been raised in the judgment are

identical to the issues raised in this case.   Thus, the doctrine of res judicata applies.

**{¶18}**   Plaintiffs-appellants' sole assignment of error is overruled.

**{¶19}**   The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

PATRICIA ANN BLACKMON, A.J., and
MELODY J. STEWART, J., CONCUR