[Cite as *Davet v. Parks*, 2013-Ohio-31.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98351**

## RICHARD F. DAVET

PLAINTIFF-APPELLANT

vs.

## MARK A. PARKS, JR.,
## AS TREASURER,   ET AL.[1]

DEFENDANTS-APPELLEES

### JUDGMENT:
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-738351

**BEFORE:**  S. Gallagher, J., Blackmon, P.J., and Celebrezze, J.
**RELEASED AND JOURNALIZED:**  January 10, 2013

---

[1]  The original caption of this case was James Rokakis, Treasurer, et al.   In accordance with App.R. 29(C), the court substitutes Mark A. Parks, Jr., the present Cuyahoga County Treasurer.

**FOR APPELLANT**

Richard F. Davet, pro se
P.O. Box 10092
Cleveland, OH   44110

**ATTORNEYS FOR APPELLEES**

**For Cuyahoga County Treasurer**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Anthony J. Giunta, Jr.
        Adam D. Jutte
        Michael A. Kenny, Jr.
        Colleen Majeski
        Judith Miles
        Gregory B. Rowinski
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

**For Collinwood & Nottingham Villages Development Corporation**

David G. Weilbacher
12711 Gordon Street
North Royalton, OH   44133

**For Lightning Demolition & Construction**

Catana Deskins
8580 Pine Hollow Drive
Novelty, OH   44072

Joseph C. Patituce
Patituce & Scott, LLC
26777 Lorain Road
Suite 708
North Olmsted, OH   44070

SEAN C. GALLAGHER, J.:

{¶1} This appeal is a companion case arising out of similar events as contained in *Davet v. Sensenbrenner*, 8th Dist. No. 98636.

{¶2} Plaintiff-appellant, Richard F. Davet, appeals from the trial court's order granting summary judgment in favor of defendants-appellees, the Cuyahoga County treasurer ("Treasurer"), Collinwood & Nottingham Villages Development Corporation, and Lightning Demolition & Construction (collectively, "appellees"). For the reasons set forth below, we reverse the ruling and remand for further proceedings.

{¶3} Davet's claims initially relate back to 1999 through 2002 when GLS Capital - Cuyahoga, Inc. ("GLS Capital") purchased six tax certificates from the Treasurer for delinquent taxes owing on Davet's property located at 793 E. 152nd Street, Cleveland, Ohio:

| Tax Certificate No. | Purchase Date | Amount | Tax Year |
| --- | --- | --- | --- |
| 11522042-98 | 05/28/1999 | $4,882.00 | 1991-1997 |
| 11522042-99 | 09/09/1999 | $1,034.08 | 1998 |
| 11522042-00 | 01/13/2000 | $1,031.71 | 1999 |
| 11522042-01S | 09/28/2001 | $1,403.41 | 2000 |
| 11522042-98 | 04/18/2002 | $4,882.00 | 1991-1997 |
| 11522042-99 | 09/04/2002 | $1,034.08 | 1998 |

**{¶4}** GLS Capital filed a complaint on October 30, 2002, seeking foreclosure on Davet's property ("GLS Foreclosure") in Cuyahoga C.P. No. CV-485248. As proof of entitlement to foreclose, GLS Capital attached to its complaint copies of four of the six tax certificates:

| Tax Certificate No. | Purchase Date | Amount | Tax Year |
|---|---|---|---|
| 11522042-98 | 05/28/1999 | $4,882.00 | 1991-1997 |
| 11522042-99 | 09/09/1999 | $1,034.08 | 1998 |
| 11522042-00 | 01/13/2000 | $1,031.71 | 1999 |
| 11522042-01S | 09/28/2001 | $1,403.41 | 2000 |

**{¶5}** GLS Capital subsequently dismissed its foreclosure complaint against Davet's property. All parties to the action were dismissed without prejudice at the latest on May 16, 2006.

**{¶6}** Davet's claims also relate back to May 5, 2006, when the Treasurer filed a tax foreclosure action ("County Foreclosure") in Cuyahoga C.P. No. CV-590884 for taxes owing on the same property underlying the GLS Foreclosure. A magistrate held a hearing on the County Foreclosure on October 19, 2007, and found delinquent taxes and other charges due and payable upon the property. The magistrate also recommended an order of foreclosure in favor of the Treasurer. The trial court adopted the magistrate's decision, and entered a decree of foreclosure ("Foreclosure Decree") in favor of the Treasurer on November 27, 2007.

{¶7} On December 19, 2007, the trial court ordered the property be offered at a sheriff's sale on February 11, 2008. The court set a second sheriff's sale, if necessary, for February 25, 2008.

{¶8} On March 20, 2008, after the unsuccessful sheriff's sales, the property was forfeited to the state of Ohio ("Forfeiture") pursuant to R.C. 5723.01. As a result, the Cuyahoga County Auditor, now known as the Cuyahoga County Fiscal Officer ("Auditor"), became the custodian and agent of the property for the state of Ohio with the statutory authority to sell it. *See* R.C. 5723.01(A)(1) and (2).

{¶9} The Auditor advertised the property for sale for two consecutive weeks. With no success resulting from the advertisements, the Auditor held a forfeited land sale ("Forfeited Land Sale") on August 8, 2008. Appellee, Collinwood Nottingham Villages Development Corporation ("Collinwood"), purchased the property for $1,600. On September 30, 2008, an auditor's deed was filed and recorded at the Cuyahoga County Recorder's Office to complete the transfer of the property's title to Collinwood ("Collinwood's Deed").

{¶10} Between August 25, 2009 and April 1, 2010, Davet filed the following motions with the trial court in the County Foreclosure: (1) on August 25, 2009, a motion to vacate judgment that the trial court denied on March 18, 2010; (2) on October 13, 2009, a motion to dismiss for lack of jurisdiction that the trial court denied on February 11, 2010; (3) on December 7, 2009, a renewed motion to dismiss for lack of standing ab initio and lack of jurisdiction ab initio that the trial court denied on January 14, 2010; (4)

on December 22, 2009, a second renewed motion to dismiss for lack of standing ab initio and lack of jurisdiction ab initio, and a request for ruling on standing, that the trial court denied on March 18, 2010; and (5) on April 1, 2010, a motion for relief from judgment, a motion for stay of execution of judgment, a motion to set aside magistrate's decision, and a motion to stay effectiveness of magistrate's decision, which the trial court denied on April 21, 2010.

{¶11} After appellee Lightning Demolition & Construction ("Lightning") entered into a contract with Collinwood on July 29, 2010, for demolition work on the property, Davet filed his complaint in the present action on October 5, 2010, wherein he challenged the County Foreclosure, Foreclosure Decree, Forfeiture, and Forfeited Land Sale, Cuyahoga C.P. No. CV-738351 ("Quiet Title Action"). His claims were premised primarily on his assertion that the Treasurer was not the owner of the relevant tax certificates when the Treasurer filed the County Foreclosure. Because GLS Capital purchased the certificates from the Treasurer on dates preceding the County Foreclosure, Davet argued that the Treasurer lacked standing to proceed under the authority of *Wells Fargo Bank, N.A. v. Jordan,* 8th Dist. No. 91675, 2009-Ohio-1092. He claims that the trial court's judgment in favor of appellees is, therefore, void. Davet's Quiet Title Action also included a trespass claim based on Lightning's expected, but unlawful, entry on the property for demolition work.

{¶12} Because Davet's claims in the Quiet Title Action were each ruled on by the trial court in the County Foreclosure in favor of appellees, Lightning filed a motion to

dismiss the Quiet Title Action. Davet opposed the motion by asserting "[n]o court has specifically and affirmatively stated that the prior judgment in the foreclosure at issue in this action was not void ab initio." He further requested that the court conclude that his legal title to the property "trumps all other claims."

{¶13} The trial court denied Lightning's motion to dismiss on January 25, 2011. The parties subsequently filed cross-motions for summary judgment. The magistrate ruled in favor of appellees in a decision dated February 14, 2012. Davet filed objections, but the trial court overruled the objections, adopted the magistrate's decision, and entered final judgment in favor of appellees on April 12, 2012.

{¶14} The trial court concluded Davet did not have a possessory interest in the property pursuant to R.C. 5303.01 as a result of the County Foreclosure. Davet lacked standing, therefore, to bring the Quiet Title Action because he is not in possession of the property and he does not have a remainder or reversionary interest because the filing of Collinwood's Deed extinguished all of Davet's interest in the property. Davet also filed his complaint beyond the one-year statutory limitation found in R.C. 5723.13. Finally, Davet's trespass claim failed because he did not have actual or constructive possession of the property.

{¶15} Davet timely appealed and sets forth one assignment of error:

> The trial court erred in granting summary judgment in favor of Defendants, denying summary judgment against Plaintiff (docket, 12/20/2011), and adopting the magistrate's decision and overruling the Appellant's objections to the magistrate's decision, findings of fact and conclusions of law dated related [sic] to Plaintiff's request for findings of fact and conclusions of law on 2/14/2012 (Docket, 4/12/2012). The trial court also erred by failing to

take judicial notice of Defendant [Treasurer's] sale of tax liens to GLS (Docket, JE 10/6/2011).

**{¶16}** Prior to reviewing whether Davet has any interest in the property, we consider the trial court's conclusion that R.C. 5723.13 outright time-barred Davet's claims. R.C. 5723.13 states:

> Whenever real property in this state is sold under sections 5721.01 to 5721.28, inclusive, or 5723.01 to 5723.19, inclusive, of the Revised Code, no action shall be commenced, nor shall any defense be set up to question the validity of the title of the purchasers at such sale for any irregularity, informality, or omission in the proceedings relative to the foreclosure, forfeiture, or sale, *unless such action is commenced or defense set up within one year after the deed to such property is filed for record.* (Emphasis added.)

**{¶17}** R.C. 5723.13 limits the time in which to commence actions relating to irregularity, informality, or omissions in tax foreclosure proceedings and sales. *Symons v. Miller*, 5th Dist. No. 05-CA-7, 2006-Ohio-137, ¶ 31. However, R.C. 5723.13 does not apply to a void judgment. *Id.*; *Weir v. Gillespie*, 26 Ohio App.3d 48, 51, 498 N.E.2d 177 (3d Dist.1985); *see also Rinehart v. Howard*, 10 Dist. Nos. 84AP-1113 and 84AP-12114, 1985 Ohio App. LEXIS 8748 (Sept. 12, 1985). Moreover, res judicata does not attach to a void judgment. *Rite Rug Co., Inc. v. Wilson*, 106 Ohio App.3d 59, 665 N.E.2d 260 (10th Dist.1995), citing *Tari v. State*, 117 Ohio St. 481, 159 N.E. 594 (1927). *See also State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 553 N.E.2d 650 (1990), paragraph one of the syllabus. If the Foreclosure Decree is void, R.C. 5723.13 does not bar Davet's claims.

**{¶18}** Davet relies heavily on the case of *Jordan*, 8th Dist. No. 91675, 2009-Ohio-1092, in arguing that the Treasurer was not the proper party to bring the County Foreclosure. In *Jordan*, this court held that if a bank acquires an interest in a mortgage by an assignment *made after* the foreclosure complaint is filed, the bank lacks standing to maintain the action. *Id.* at ¶ 24.

**{¶19}** The Ohio Supreme Court certified a conflict between *Jordan* and other Ohio appellate court decisions on this issue in *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 129 Ohio St.3d 1487, 2011-Ohio-5129, 954 N.E.2d 661. In *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, Slip Opinion No. 2012-Ohio-5017, the court held that a party commencing litigation must have standing to sue in order to present a justiciable controversy and invoke the jurisdiction of the common pleas court. Lack of standing at the outset of litigation cannot be cured, therefore, by receipt of an assignment of the claim or by substitution of the real party in interest. *Id*. at ¶ 41. If the Treasurer lacked standing at the outset of the County Foreclosure, any actions taken subsequently by him cannot cure the deficiency.

**{¶20}** On October 6, 2011, Davet filed in the County Foreclosure a motion to take judicial notice of the tax certificates sold by the Treasurer to GLS Capital in the GLS Foreclosure:

> 5. I further request that the Court take judicial notice of the public facts and records of this Court, namely that [the Treasurer] sold tax liens to GLS in Case No. CV 02-485248 such that when [the Treasurer] filed Case No. CV 06-590884, [the Treasurer] had no contractual standing to enforce those tax liens.

**{¶21}** On October 17, 2011, Davet also filed in the County Foreclosure proof of the tax certificates sold to GLS Capital in the GLS Foreclosure. Davet attached as proof a copy of GLS Capital's October 30, 2002 foreclosure complaint on four pieces of property, including the subject property under Count 4.

**{¶22}** On December 6, 2011, the trial court denied Davet's motion to take judicial notice of the tax certificates sold by the Treasurer. The court stated in its journal entry that Davet previously filed on October 17, 2011, proof of the tax certificates sold to GLS Capital in the GLS Foreclosure.

**{¶23}** In response to Davet's motion for summary judgment, appellees asserted that the Treasurer voided four tax certificates sold to GLS Capital. Further, the remaining two certificates were cancelled upon the issuance of replacement certificates for 11522042-98 and 11522042-99:

| Tax Cert.No. | Purchase Date | Delinquent Taxes | Tax Year(s) | Void Date |
|---|---|---|---|---|
| 11522042-98 | 05/28/1999 | $4,882.00 | 1991-1997 | N/A (cancelled) |
| 11522042-99 | 09/09/1999 | $1,034.08 | 1998 | N/A (cancelled) |
| 11522042-00 | 01/13/2000 | $1,031.71 | 1999 | 01/13/2006 |
| 11522042-01S | 09/28/2001 | $1,403.41 | 2000 | 01/13/2006 |
| 11522042-98 | 04/18/2002 | $4,882.00 | 1991-1997 | 05/12/2005 |
| 11522042-99 | 09/04/2002 | $1,034.08 | 1998 | 01/13/2006 |

**{¶24}** The record before the trial court is cloudy with regard to the tax certificates issued to GLS Capital, and we refuse to infer from the record "as is" the actions taken by the Treasurer in connection with them. If the Treasurer has a process to follow when selling a tax certificate, and subsequently repurchasing, voiding, and/or cancelling the same certificate, the Treasurer should follow that process.[2] Substantial compliance with the statutory requirements with respect to sales of land for delinquent taxes is essential in order to effect a valid sale to enforce a tax lien. *Rinehart v. Goberdhan*, 8 Ohio App.3d 342, 457 N.E.2d 354 (10th Dist.1983), citing *Rhodes v. Gunn*, 35 Ohio St. 387 (1880); *Stanbaugh v. Carlin*, 35 Ohio St. 209 (1878) (other citations omitted).

---

[2] *See, e.g.*, Section 4.2 of the sample tax certificate sale/purchase agreement available on the Treasurer's website ("At any time subsequent to the Closing Date, the Seller in its sole discretion may cancel the transfer of a Tax Lien or otherwise reverse the transfer thereof (a 'repurchase'), provided the underlying tax claim has not been previously satisfied. Such repurchase may be made by Seller by paying Purchaser an amount determined in accordance with O.R.C. Section 5721.34.").

**{¶25}** After we listened to the parties' arguments at oral hearing, appellees filed a joint motion with this court on November 8, 2012, to correct the record on appeal. Appellees seek through the affidavit of a Fiscal Officer 1 to correct the timing of the Treasurer's reacquisition of GLS Capital's Tax Certificate Nos. 11522042-98, 11522042-99, 11522042-00, and 11522042-01S. According to the affidavit, these certificates were voided and properly returned to the Treasurer prior to May 5, 2006. We allowed appellees' joint motion under App.R. 9(E) in order to supplement the record for the trial court upon remand.

**{¶26}** Because of our ruling that the trial court, and not this court, should determine the validity of the Foreclosure Decree, the joint motion does not alter our opinion. The trial court failed to even consider whether the Treasurer could reclaim or repurchase the tax certificates. A review of the magistrate's decision reveals that she did not consider the validity of the tax certificates underlying the Foreclosure Decree, and thus bypassed the initial step of determining the validity of the Foreclosure Decree. The magistrate, rather, accepted the validity of the Foreclosure Decree in her opinion, and proceeded to assess Davet's claims. The magistrate stated, "[t]he Magistrate finds that on 11/27/2007 a final judgment was rendered in the tax foreclosure case of *James Rokakis, as Treasurer v. Richard F. Davet, et al.*, Case No. 06-590884." In other words, the magistrate, and thus the trial court in adopting the magistrate's decision, did not consider whether the Foreclosure Decree was null and void and, if necessary, the effect of a bona fide purchaser for value. The issue of whether the Treasurer used valid tax

certificates as the basis for foreclosing on Davet's property was not decided by a court of competent jurisdiction, and Davet is not precluded from relitigating this issue. *Compare Ledyard v. Plymouth Park Tax Serv., LLC*, 8th Dist. No. 97807, 2012-Ohio-3817.

{¶27} Without a determination of whether the Foreclosure Decree was valid, the trial court's remaining conclusions are all premature. Upon remand, the trial court must examine the tax certificates at issue and determine whether the Treasurer was a valid holder of any of the tax certificates at the time the County Foreclosure action was filed. Moreover, the court must ascertain whether the Treasurer had standing to invoke the court's jurisdiction and the validity of the judgment rendered therein.

{¶28} Accordingly, Davet's assignment of error is sustained.

{¶29} Judgment reversed and cause remanded to the trial court for a determination of the validity of the Foreclosure Decree.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

PATRICIA ANN BLACKMON, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR