[Cite as *Davet v. Sheehan*, 2014-Ohio-5694.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101452**

**RICHARD F. DAVET**

PLAINTIFF-APPELLANT

vs.

**WILLIAM N. SHEEHAN III, ET AL.**

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-10-738351

**BEFORE:** Celebrezze, J., Boyle, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:** December 24, 2014

**FOR APPELLANT**

Richard F. Davet, pro se
P.O. Box 10092
Cleveland, Ohio   44110


**ATTORNEYS FOR APPELLEES**

**For William N. Sheehan III,**
**Cuyahoga County Interim Treasurer**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:     Anthony J. Giunta
           Adam D. Jutte
           Michael A. Kenny
           Colleen Majeski
           Judith Miles
           Gregory B. Rowinski
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

**For Collinwood & Nottingham Development Corp.**

David G. Weilbacher
1525 Leader Building
526 Superior Avenue
Cleveland, Ohio   44114

**For Lightning Demolition & Construction**

Joseph C. Patituce
Patituce & Associates
26777 Lorain Road
Suite 708
North Olmsted, Ohio   44070

FRANK D. CELEBREZZE, JR., J.:

{¶1} Plaintiff-appellant Richard F. Davet appeals pro se from the trial court's order granting summary judgment in favor of defendants-appellees, the Cuyahoga County Treasurer[1] ("Treasurer"), Collinwood & Nottingham Villages Development Corporation, and Lightning Demolition & Construction (collectively "appellees"). For the reasons set forth below, we affirm the judgment of the trial court.

## I. Procedural History

{¶2} Appellant's claims initially relate back to 1999 through 2002 when GLS Capital-Cuyahoga, Inc. ("GLS Capital") purchased tax certificates from the Treasurer for delinquent taxes owing on appellant's property located at 793 East 152nd Street, in Cleveland, Ohio.

| Tax Certificate No. | Purchase Date | Amount | Tax Year |
|---|---|---|---|
| 11522042-98 | 05/28/1999 | $4,882.00 | 1991-1997 |
| 11522042-99 | 09/09/1999 | $1,034.08 | 1998 |
| 11522042-00 | 01/13/2000 | $1,031.71 | 1999 |
| 11522042-01S | 09/28/2001 | $1,403.41 | 2000 |
| 11522042-98 | 04/18/2002 | $4,882.00 | 1991-1997 |
| 11522042-99 | 09/04/2002 | $1,034.08 | 1998 |

{¶3} GLS Capital filed a complaint on October 30, 2002, seeking foreclosure on appellant's property ("GLS Foreclosure") in Cuyahoga C.P. No. CV-02-485248. As proof of entitlement to foreclose, GLS Capital attached to its complaint copies of four of the six tax certificates:

| Tax Certificate No. | Purchase Date | Amount | Tax Year |
|---|---|---|---|
|  |  |  |  |

---

[1] The original caption of this case was "Richard F. Davet v. James Rokakis, et al." In accordance with App.R. 29(C), the court sua sponte substitutes William N. Sheehan III, the present Cuyahoga County Interim Treasurer, for James Rokakis.

| Tax Certificate No. | Purchase Date | Amount | Tax Year |
|---|---|---|---|
| 11522042-98 | 05/28/1999 | $4,882.00 | 1991-1997 |
| 11522042-99 | 09/09/1999 | $1,034.08 | 1998 |
| 11522042-00 | 01/13/2000 | $1,031.71 | 1999 |
| 11522042-01S | 09/28/2001 | $1,403.41 | 2000 |

GLS Capital subsequently dismissed its foreclosure complaint against appellant's property. All parties to the action were dismissed without prejudice at the latest on May 16, 2006.

{¶4} On May 5, 2006, the Cuyahoga County Treasurer filed a tax foreclosure action against appellant ("County Foreclosure") in Cuyahoga C.P. No. CV-06-590884 for taxes owing on the same property underlying the GLS Foreclosure. A magistrate held a hearing on the County Foreclosure on October 19, 2007, and found delinquent taxes and other charges due and payable on the property. The magistrate also recommended an order of foreclosure in favor of the Treasurer. The trial court adopted the magistrate's decision and entered a decree of foreclosure ("Foreclosure Decree") in favor of the Treasurer on November 27, 2007.

{¶5} On December 19, 2007, the trial court ordered that the property be offered at sheriff's sale on February 11, 2008. The court set a second sheriff's sale, if necessary, for February 25, 2008.

{¶6} On March 20, 2008, after the unsuccessful sheriff's sales, the property was forfeited to the state of Ohio ("Forfeiture") pursuant to R.C. 5723.01. As a result, the Cuyahoga County Auditor, now known as the Cuyahoga County Fiscal Officer ("Auditor"), became the custodian and agent of the property for the state of Ohio with the statutory authority to sell it. *See* R.C. 5723.01(A)(1) and (2).

**{¶7}** The Auditor advertised the property for sale for two consecutive weeks. With no success resulting from the advertisements, the Auditor held a forfeited land sale ("Forfeited Land Sale") on August 8, 2008. Appellee, Collinwood & Nottingham Villages Development Corporation ("Collinwood"), purchased the property for $1,600. On September 30, 2008, an auditor's deed was filed and recorded at the Cuyahoga County Recorder's Office to complete the transfer of the property's title to Collinwood.

**{¶8}** Between August 25, 2009 and April 1, 2010, appellant filed the following motions with the trial court in the County Foreclosure: (1) on August 25, 2009, a motion to vacate judgment, which the trial court denied on March 18, 2010; (2) on October 13, 2009, a motion to dismiss for lack of jurisdiction, which the trial court denied on February 11, 2010; (3) on December 7, 2009, a renewed motion to dismiss for lack of standing ab initio and lack of jurisdiction ab initio, which the trial court denied on January 14, 2010; (4) on December 22, 2009, a second renewed motion to dismiss for lack of standing ab initio and lack of jurisdiction ab initio, and a request for ruling on standing, both of which the trial court denied on March 18, 2010; and (5) on April 1, 2010, a motion for relief from judgment, a motion for stay of execution of judgment, a motion to set aside magistrate's decision, and a motion to stay effectiveness of magistrate's decision, all of which the trial court denied on April 21, 2010.

**{¶9}** After appellee Lightning Demolition & Construction ("Lightning") entered into a contract with Collinwood on July 29, 2010, for demolition work on the property, appellant filed his complaint in the present action on October 5, 2010, wherein he challenged the County Foreclosure, Foreclosure Decree, Forfeiture, and Forfeited Land Sale in Cuyahoga C.P. No. CV-10-738351 ("Quiet Title Action"). His claims were premised primarily on his assertion that the Treasurer was not the owner of the relevant tax certificates when the Treasurer filed the

County Foreclosure. Appellant argued that, because GLS Capital purchased the certificates from the Treasurer on dates preceding the County Foreclosure, the Treasurer lacked standing to proceed under the authority of *Wells Fargo Bank, N.A. v. Jordan*, 8th Dist. Cuyahoga No. 91675, 2009-Ohio-1092. He claimed that the trial court's judgment in favor of appellees is, therefore, void. Appellant's Quiet Title Action also included a trespass claim based on Lightning's expected, but unlawful, entry on the property for demolition work.

{¶10} Because appellant's claims in the Quiet Title Action were each ruled on by the trial court in the County Foreclosure in favor of appellees, Lightning filed a motion to dismiss the Quiet Title Action. Appellant opposed the motion by asserting that "[n]o court has specifically and affirmatively stated that the prior judgment in the foreclosure at issue in this action was not void ab initio." He further requested that the court conclude that his legal title to the property "trumps all other claims."

{¶11} The trial court denied Lightning's motion to dismiss on January 25, 2011. The parties subsequently filed cross-motions for summary judgment. The magistrate ruled in favor of appellees in a decision dated February 14, 2012. Appellant filed objections, but the trial court overruled the objections, adopted the magistrate's decision, and entered final judgment in favor of appellees on April 12, 2012.

{¶12} The trial court concluded that appellant did not have a possessory interest in the property pursuant to R.C. 5303.01 as a result of the County Foreclosure. Appellant lacked standing, therefore, to bring the Quiet Title Action because he is not in possession of the property and he does not have a remainder or reversionary interest because the filing of Collinwood's deed extinguished all of appellant's interest in the property. Appellant also filed his complaint

beyond the one-year statutory limitation found in R.C. 5723.13. Finally, appellant's trespass claim failed because he did not have actual or constructive possession of the property.

{¶13} On May 14, 2012, appellant appealed the trial court's order granting summary judgment in favor of appellees. On January 10, 2013, this court reversed and remanded for further proceedings. *Davet v. Parks*, 8th Dist. Cuyahoga No. 98351, 2013-Ohio-31. This court explained that the issue of whether appellees were entitled to summary judgment on appellant's Quiet Title Action depends on whether the underlying foreclosure action was void for lack of standing. *Id.* at ¶ 24-26. Accordingly, we ordered the trial court, on remand, to (1) "determine whether the Treasurer was a valid holder of the subject tax certificates at the time the county foreclosure action was filed"; and (2) "ascertain whether the Treasurer had standing to invoke the court's jurisdiction and the validity of the judgment rendered therein." *Id*. at ¶ 27.

{¶14} In order to resolve the issue of standing on remand, this court ruled that appellees could supplement the record for the trial court's use, stating:

> After we listened to the parties' arguments at oral hearing, appellees filed a joint motion with this court on November 8, 2012, to correct the record on appeal. Appellees seek through the affidavit of a Fiscal Officer 1 to correct the timing of the Treasurer's reacquisition of GLS Capital's Tax Certificate Nos. 11522042-98, 11522042-99, 11522042-00, and 11522042-01S. According to the affidavit, these certificates were voided and properly returned to the Treasurer prior to May 5, 2006. We allowed appellees' joint motion under App.R. 9(E) in order to supplement the record for the trial court upon remand.

*Id*. at ¶ 25.

{¶15} On remand, appellees submitted the affidavit of Fiscal Officer Kristy Neff, which averred that while the GLS Capital foreclosure action was pending, the tax lien certificates supporting GLS Capital's case were voided and reacquired by the Cuyahoga County Treasurer on the following dates:

| Tax Certificate No. | Date Voided |
|---|---|
| 11522042-98 | 05/12/2005 |
| 11522042-99 | 01/13/2006 |
| 11522042-00 | 01/13/2006 |
| 11522042-01S | 01/13/2006 |

{¶16} On May 31, 2013, the magistrate issued an amended decision in favor of appellees. On June 14, 2013, appellant filed an objection to the amended decision. Following an evidentiary hearing and after examining the tax certificates at issue in CV-06-590884, the trial court granted summary judgment in favor of appellees, finding that the County Treasurer had standing to invoke the court's jurisdiction in order to bring a tax foreclosure action; that the County Treasurer voided all the tax lien certificates held by GLS Capital prior to filing its complaint for foreclosure; that the Treasurer was the sole holder of any tax liens against the subject property; and that the final judgment and decree of foreclosure rendered in CV-06-590884 was valid and in full force and effect.

{¶17} Appellant brings this timely appeal pro se, raising one assignment of error for review.

## II. Law and Analysis

{¶18} In his sole assignment of error, appellant argues that the trial court erred in granting summary judgment in favor of appellees.

{¶19} Initially, we note that since this court's holding in *Parks*, 8th Dist. Cuyahoga No. 98351, 2013-Ohio-31, the Ohio Supreme Court issued its decision in *Bank of Am., N.A. v. Kuchta*, Slip Opinion No. 2014-Ohio-4275. In *Kuchta*, the court explained that although a party's lack of standing can be challenged in the course of the foreclosure proceedings themselves or on direct appeal of the judgment, res judicata bars a party from asserting a lack of standing in a collateral attack on a final judgment in foreclosure. *Kuchta* at paragraph two of the syllabus, ¶ 8, 23-25. In addition, the court held that "although standing is required in order to invoke the jurisdiction of the court over a particular action in foreclosure, lack of standing does not affect the subject-matter jurisdiction of a court of common pleas." *Id*. at ¶ 25. In so holding, the court specifically rejected the notion that a party's lack of standing in a foreclosure action renders the judgment void ab initio for lack of subject-matter jurisdiction. *Id*. at ¶ 17. Rather, "a court of common pleas that has subject-matter jurisdiction over an action does not lose that jurisdiction merely because a party to the action lacks standing." *Id*. Finally, the Ohio Supreme Court noted that "actions in foreclosure are within the subject-matter jurisdiction of a court of common pleas." *Id*. at ¶ 20, citing *Robinson v. Williams*, 62 Ohio St. 401, 408, 57 N.E. 55 (1900). Thus, our discussion at paragraph 17 in *Parks* relating to void judgments and res judicata has since been altered by the Supreme Court's holding in *Kuchta*.

{¶20} In the case at hand, appellant did not file a direct appeal from the November 27, 2007 judgment of foreclosure in favor of the Treasurer. Instead, appellant waited almost two years before raising the issue of standing in various motions to dismiss, a motion to vacate, and a

motion for relief from judgment, which were each denied by the trial court. Appellant did not appeal from those orders. Subsequently, appellant filed this underlying Quiet Title Action on October 6, 2010, wherein he argued that he had superior title to the subject properly because the judgment of foreclosure was void ab initio based on the Treasurer's lack of standing at the time it filed its complaint.

{¶21} In our view, appellant's Quiet Title Action is particularly the type of collateral attack on a judgment of foreclosure that the Ohio Supreme Court wishes to prevent. Thus, pursuant to *Kuchta*, we find that res judicata prevents appellant from raising the issue of standing herein because he failed to raise the issue while the foreclosure action was pending or in a direct appeal following the November 27, 2007 judgment. This court has reached similar conclusions in prior cases involving appellant. *See Davet v. Sensenbrenner*, 8th Dist. Cuyahoga No. 98636, 2012-Ohio-5898; *Davet v. Mikhli*, 8th Dist. Cuyahoga No. 97291, 2012-Ohio-1200; *Davet v. Fed. Natl. Mtge. Assn.*, 8th Dist. Cuyahoga No. 97890, 2012-Ohio-3575.

{¶22} Nevertheless, we find that the record adequately supports the trial court's determination on remand that the Treasurer had standing to initiate the tax foreclosure action at the time it filed its foreclosure complaint on May 5, 2006. It is fundamental that a party commencing litigation must have standing to sue in order to present a justiciable controversy and invoke the jurisdiction of the common pleas court. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 41. Standing refers to whether a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy. *Id*. at ¶ 21. "The lack of standing at the commencement of a foreclosure action requires dismissal of the complaint * * *." *Id*. at ¶ 40.

{¶23} In the instant case, the Treasurer's standing arises from a number of specific statutes authorizing the invocation of the judicial process. R.C. 5721.18 states, in relevant part:

> The county prosecuting attorney, upon the delivery to the prosecuting attorney by the county auditor of a delinquent land * * * tax certificate, * * * shall institute a foreclosure proceeding under this section in the name of the county treasurer to foreclose the lien of the state* * * unless the taxes, assessments, charges, penalties, and interest are paid prior to the time a complaint is filed * * * .

{¶24} Accordingly, the county's prosecuting attorney was authorized by statute to institute the underlying foreclosure action against appellant in the name of the Treasurer for delinquent property taxes, as long as the Treasurer held valid tax lien certificates at the time the foreclosure complaint was filed.

{¶25} With respect to this issue, appellees provided the trial court with copies of the subject tax lien certificates and, as accepted by order of this court pursuant to App.R. 9(E), the affidavit of Fiscal Officer Kristy Neff. In her affidavit, Neff averred that following the negotiated sale of tax lien certificate Nos. 11522042-98, 11522042-99, 11522042-00, and 11522042-01S to GLS Capital, those same tax lien certificates were voided and reacquired by the County Treasurer on May 12, 2005 (11522042-98) and January 13, 2006 (11522042-99, 11522042-00, and 11522042-01S). Thus, the subject tax lien certificates were due and owing to the County Treasurer prior to May 5, 2006.

{¶26} Our review of the subject tax lien certificates supports the averments made by Fiscal Officer Neff. The certificates are stamped "void" and are accompanied by a time and date stamp that confirms the time line reflected in Neff's affidavit. Accordingly, the trial court did not err in concluding that the Treasurer had standing to bring the 2006 foreclosure action against appellant pursuant to the Treasurer's valid possession of the disputed tax lien certificates.

{¶27} Appellant's sole assignment of error is overruled.

### III. Conclusion

{¶28} The trial court did not err in granting summary judgment in favor of appellees. Appellant has no possessory interest in the subject property as a result of the foreclosure action and thereby lacked standing to bring the Quiet Title Action.

{¶29} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR