Day, J.
Plaintiff's action is to procure an order of the court quieting his title to certain real estate, described in the petition, as against the adverse claims of the defendant Pogue. As a defense, and for a cross-action entitling him to affirmative relief, defendant, Pogue, asserts title and right of possession of the said real estate in himself, by virtue of an auditor’s deed therefor, of date January 17, 1895, based on, as he asserts, a valid proceeding and sale to him, at a delinquent tax sale duly made on the 17th of January, 1898. Defendant shows that at the last named date he paid the taxes, interest and penalty then due thereon and unpaid, in the sum of $600.00, and has since paid current taxes in *150 the aggregate sum of $177.00. That after the expiration of two years from the day of sale, the owner not having redeemed the said land, the auditor of the county duly executed and delivered to him, a proper deed, conveying the said real estate, which.deed was duly accepted, filed for record, and recorded. Defendant asserts the validity of the said sale and deed, and claims to have the legal title and right of possession to the said real estate by virtue thereof, and prays in the alternative: First, a judgment establishing the validity of his title and right of possession; and if that cannot b'e properly done, then, second, that the said lands be ordered sold on his tax lien, and out of the proceeds, he be paid the several sums paid by him as taxes, etc., with penalty and interest thereon according to law, and also any sums paid by him as costs and expenses of the sale and transfer on the duplicate, in all a total sum of $1125.00. In a reply the plaintiff specifically admits the non-payment of taxes — the sale at delinquent tax sale to Pogue,and the subsequent payment of taxes by him in the sums stated; the failure of the owner to redeem; the execution and delivery of the deed by the auditor, and its record; but denies the regularity of the proceedings leading up to the sale, and the validity of the sale and the efficiency of the auditor’s deed to cast title in Pogue. It is conceded there is an amount due, as stated, on account of the sale and the' subsequent payment of taxes and lawful interest thereon; but it is denied that Pogue is entitled to payment of any penalty at all, or re-payment of any expense for certificates, transfers or other expenses incurred in the matter.
While there is an issue of fact arising on the claimed validity of the tax sale and the efficiency of the tax deed to cast title on the purchaser, yet it is conceded as a’fact that an official having a duty in connection with the levy and collection of taxes, the county treasurer perhaps omitted to do a necessary thing, neglected to make and enter on the *151 record a certain certificate required by the law to be made and entered; and so there are no disputed facts in the case. The parties are in agreement as to what the facts are, and the issues arising and over which they are at variance, are questions of law pure and simple. ■ And the questions are: 1. Is an auditor’s deed for lands sold at a delinquent tax sale, where the antecedent proceeding is defective — where all the requirements^ of the statute have net been complied with — valid and effective to cast the legal title thereof on the purchaser at such sale? If not, and, in lieu of such paramount title, the purchaser-has acquired the right and lien of the state on the land, for the payment of taxes, then, 2. Has such purchaser a legal right to exact and collect a penalty of twenty-five per centum, or any penalty, on the original purchase money and taxes subsequently paid, and any expense incident to the purchase?
1. That irregularity and neglect to take all the preliminary steps required by the statute in the proceeding leading up to and culminating in-a delinquent tax sale, will render the sale invalid and ineffectual to transfer the legal title to the purchaser, is not an open question in this state. The proposition is stare decisis. All the decisions of all the courts on that question, are of the purport and substance, that any irregularity or defect in the antecedent proceeding —any'neglect or omission, even if quite technical, if it amounts to a substantial departure from the strict provisions of the statute, is held to render the proceeding and sale defective and invalid as a sale. . It is also well settled that a purchaser at an invalid tax sale, acquires no title to the real estate sold as against the holder of the legal title, but by express provision of the statute does acquire all the rights of the state to enforce payment of taxes, and a lien on the property sold to secure the repayment of the purchase money and taxes subsequently paid,' with such interest, penalty and expense as the statute provides. The conceded *152 fact, of omission to make and enter on record a required certificate, settles the one issue in this case in favor of the plaintiff. The proceeding was irregular and defective, and the sale manifestly invalid, so that the auditor’s deed made in pursuance thereof, was inefficient, and conveyed no title to the purchaser.
2. Has the purchaser at an invalid tax sale, having thereby acquired the rights of the state to collect taxes, in that particular case, a legal right to exact and collect a penalty on the original purchase money and taxes subsequently paid,and also the expenses or costs incident to the purchase? The answer to this question must necessarily be in the alternative. In some circumstances and conditions, yes; in others, no; the proper answer depending altogether upon the provisions of the statute touching the matter, considered and applied in connection with the peculiar facts in each particular case; and an affirmative answer in every case depending upon the presence of the material fact that the holder of the legal title is seeking to redeem his lands from such tax sale. Sec. 2890 Rev. Stat. provides that lands sold at delinquent tax sale may be redeemed by the owner, and fixes the time within which redemption must be made, at two years from the day of sale. After the expiration of such two years, there is no provision of law enabling owners to redeem, as matter of right. After such time, it seems, the purchaser is entitled to a deed for the lands purchased, and the owner has only the chance of regaining his property if a valid sale has not been accomplished. Section 2891 Rev. Stat. provides for a penalty and costs as follows:
“Any person desiring to redeem any land or town lots sold at delinquent*sale, may do so within one year from and after the sale thereof, by depositing with the county treasurer, upon the certificate of the auditor, an amount of money equal to that for which such land or lot was sold and the taxes subsequently paid by the purchaser, together with *153 interest and fifteen per centum penalty on the whole amount paid, including costs, and one dollar to pay the expense of advertising as provided.”
After the expiration of one. year, and before the expiration of two years, the same section 2891, provides, the owner may make a deposit, with the treasurer, upon the certificate of the auditor, of an amount of money equal to the amounts paid by the purchaser, with interest and twenty-five per centum penalty on the whole amount paid, including costs, and one dollar for cost of advertising as provided.
It will be observed, the penalty and costs paid on the purchase for certificates and transfers, 'contended for by Pogue, are provided for by section 2891, just quoted from, but only in case the owner seeks to redeem his lands’or lots within the two years provided for such redemption by sec. 2890; and not under any other circumstances. In this case, the owner did not seek or attempt to redeem, but allowed the law to take its course, he assuming the risk of loosing his entire estate if the tax sale happened to be not invalid; so it would seem the provisions of sec. 2891, do not apply, or in any way refer to the fads we have here, and cannot be made available by defendant. In case the sale is invalid by reason of irregularity in the proceeding leading up to it, the rights of the owner and purchaser are defined and regulated -by another and different section of the statute. . Section 2880, Rev, Stat. provides:
■ “Upon the sale of any land or town lot for delinquent taxes, th.e lien which the state has thereon for taxes then due shall be transferred to the purchaser at such sale; and if such sale should prove to be invalid on account of any irregularity in the proceeding of any officer having any duty to perform in relation thereto, the purchaser at such sale shall be entitled to receive from the proprietor of suc-h land or lot the amount of taxes, interest and penalty legally due thereon at the time of such sale, with *154 interest thereon from the time of payment thereof, and the amount of taxes paid thereon by the purchaser subsequent to such sale; and such land or lot shall be bound for the payment thereof.”
This section fixes and defines the rights of a purchaser at a delinquent sale and 'the liabilities of the owner of the land sold, in case the sale is invalid by reason of irregularity; while sec. 2891, providing for payment of penalty and costs in addition to the taxes actually paid, with interest, fixes and defines the rights and liabilities'of the purchaser and owner when the owner, within the time fixed by sec. 2890, seeks to redeem his land from a delinquent sale. Clearly, we think, the provisions of sec. 2880 are applicable and govern in the case before us,- and it appearing the saléis invalid by reason of irregularity, it follows the defendant is only entitled to receive such sums in re-payaient, as is provided by it. The provisions of the section are very plain and explicit, and no doubt can possibly arise as to what the rights of the defendant are; he can only recover back the money paid by him, with interest from the date of its payment. This view has been enforced by the supreme court a number of times; first, in the case of Johnson v. Stewart, 29 Ohio St., 498. In that case the supreme court says:
“A purchaser at an invalid tax sale can only recover from the owner, or enforce a lien against the land for the taxes paid, with interest, and without penalty.”
This holding was approved and followed in Younglove v. Hackman, 43 Ohio St., 69. This ruling has not been reversed or modified,' but has been approved - and followed in still later decisions by the supreme court.
On the authority of sec. 2880 Rev. Stat., and the decisions of the supreme court noted, we hold the defendant is entitled to receive from the plaintiff, the amount of the original purchase,and taxes subsequently paid, with interest from the date of payment, but no fees for certificates or *155 transfers, and no penalty. The amount may be ascertained, and when discharged by plaintiff, there may be a decree entered quieting plaintiff’s title as against all claims of the defendant. If not paid within a short time, an order of sale may issue.
Jason Blackford & Byal, for Plaintiff.
J. A. &. E. V. Bope, for .Defendant.