RINEHART, TREASURER, APPELLEE, *v.* GOBERDHAN, APPELLANT.

(No. 82AP-479—Decided January 25, 1983.)

*Mr. Michael Miller,* prosecuting attorney, and *Mr. Phillip M. Walther,* for appellee.

*Mr. Cecil K. Goberdhan, pro se.*

COOK, J. On December 27, 1979, appellee, Dana G. Rinehart, Treasurer of Franklin County, filed a complaint seeking to foreclose, pursuant to R.C. Chapter 5721, on a lien for delinquent land taxes, assessments, and penalties on two parcels of property, Mifflin Township parcels Nos. 231 and 232, owned by Cecil and Joyce Goberdhan.

On May 13, 1982, the trial court granted a judgment to appellee "in the amount of $439.52 plus additional taxes, penalties, and assessments due and payable upon sale and interest thereon," found said judgment constituted a lien on appellant's two parcels of property, and issued a decree of foreclosure as to the two parcels.

Appellant, Cecil Goberdhan, has appealed the judgment of the trial court and assigned as error that said judgment "is against the manifest weight of the evidence in fact and law and is not in accordance with law consistent with the decision of the Franklin County Court of Appeals rendered in Dec. 31, 1980, Case No. 80AP-469 from which this case was remanded."

Said assignment of error is well-taken.

Substantial compliance with the statutory requirements with respect to sales of land for delinquent taxes is essential in order to effect a valid sale to enforce a tax lien. *Rhodes* v. *Gunn* (1880), 35 Ohio St. 387; *Stambaugh* v. *Carlin* (1878), 35 Ohio St. 209; *Skinner* v. *Brown* (1866), 17 Ohio St. 33; *Holt's Lessee* v. *Hemphill* (1827), 3 Ohio 233; *Steel* v. *Pogue* (1897), 15 Ohio C.C. 149.

In *Pogue,* the court found a certificate was not made and entered on record as required by law.

R.C. 5721.13, as in effect at the time relevant herein, read:

"One year after certification of a list of delinquent lands, the county auditor shall make in duplicate a certificate, to be known as a delinquent land tax certificate, of each delinquent tract of land, city or town lot, or part of lot contained in the delinquent land list, upon which the taxes, assessments, and penalties have not been paid, describing each tract of land or city or town lot the same as it is described on the tax list, and the amount of taxes, assessments, and penalty due and unpaid, and stating that the same has been certified to the prosecuting attorney of the county as delinquent. Such certificate shall be signed by the auditor or his deputy, and the original shall be filed with the prosecuting attorney."

In the instant cause, it is undisputed that the Franklin County Auditor made a delinquent land tax certificate as to appellant's property three months before the one-year period after certification of the list of delinquent lands which listed appellant's property had expired.

We conclude such action by the Franklin County Auditor did not constitute substantial compliance with R.C. 5721.13. Therefore, a sale to enforce the tax lien against the subject property of Cecil and Joyce Goberdhan would be invalid.

The judgment of the trial court is reversed and the cause remanded for dismissal of appellee's complaint.

*Judgment reversed and cause remanded.*

REILLY, J., concurs.

MOYER, J., dissents.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.

MOYER, J., dissenting. I respectfully dissent from the opinion of the majority for two reasons. The first is that R.C. 5721.13, which states that: "[o]ne year after certification of a list of delinquent lands, the county auditor·shall make in duplicate a certificate, to be known as a delinquent land tax certificate, of each delinquent tract of land * * *," places a mandatory obligation upon the county auditor to prepare a delinquent land tax certificate, apparently to facilitate the collection of delinquent taxes. The General Assembly did not provide that such a certificate could not be prepared before one year after certification of a list of delinquent lands or that a foreclosure could not be brought if the county auditor prepared the delinquent land tax certificate before one year from such date. While I acknowledge that it can be reasonably argued that the county auditor has no authority to prepare a certificate prior to the one-year period, there is enough ambiguity in the statute to at least support the conclusion that a landowner must show some prejudice resulting from a premature preparation of a delinquent land tax certificate which results in a foreclosure action, if such action is to be declared invalid.

The trial court found that appellant was not prejudiced by the premature preparation of the delinquent land tax certificate. In fact, appellant had previous notice of the delinquent status of his real

estate taxes. Appellant argues that he should not be required to pay the costs incurred by the county in filing a foreclosure action and preparation for a certificate of title because he tendered payment of the delinquent taxes before he received notice that a foreclosure action had been filed. The important fact in this regard is that, while the delinquent land tax certificate was delivered to the prosecuting attorney prior to December 15, 1979, the foreclosure action was not filed until December 27, 1979, more than one year after the certification of the list of delinquent lands upon which appellant's land appeared. If the foreclosure action had been filed prior to the anniversary date of the list of delinquent lands, appellant's position would be substantially enhanced. However, because the notice was available to appellant and because he has shown no prejudice as a result of what may be a technical violation of R.C. 5721.13, the trial court did not err in granting a summary judgment to appellee. I would, therefore, affirm the judgment of the trial court.