[Cite as *Koch v. Scheibe*, 2025-Ohio-4551.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

MELISSA KOCH, Treasurer

    Appellee

    v.

MARK E. SCHEIBE

    Appellant

C.A. No.     25AP0006

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    2022 CVC-E 000243

DECISION AND JOURNAL ENTRY

Dated: September 30, 2025

SUTTON, Judge.

**{¶1}** Defendant-Appellant Mark Scheibe appeals from the judgment of the Wayne County Court of Common Pleas. This Court affirms.

I.

**Relevant Background**

**{¶2}** This appeal arises from a complaint filed on June 13, 2022, by Wayne County Treasurer Melissa Koch against Mr. Scheibe for collection of delinquent taxes, assessments, and penalties and interest, seeking foreclosure and equitable relief on his real property located in Wayne County, Ohio. The property in question is known as Fiore's Italian Ristorante. In her complaint, Treasurer Koch claimed Mr. Scheibe had not paid his sewer assessment or property taxes on this property since 2017. Further, the complaint alleged Mr. Scheibe owed the total amount of $81,047.89. Mr. Scheibe, through an affirmative defense raised in his answer to the foreclosure complaint, claimed:

[t]he sewer fees and taxes assessed to [Mr.] Scheibe's property are *void ab initio*, illegal and invalid on the grounds they are unreasonable and therefore unconstitutional because sewer tax assessments exceed the benefits [Mr.] Scheibe's property receives from them. Further[,] [Mr.] Scheibe's property [does] not specifically benefit from them and bears a disproportionate cost corresponding to the benefits.

After allowing for discovery, both parties filed cross-motions for summary judgment.[1] In granting Treasurer Koch's motion for summary judgment, the trial court stated, in part:

Defendant Scheibe specifically challenged the legality of the sewer assessments charged by the Wayne County Environmental Services Department against the [p]roperty. More specifically, Defendant Scheibe challenged Director Wolfe's audit which resulted in an increase of the property's utility rates in the form of sewer assessments. Defendant Scheibe did not appeal Director Wolfe's decision to the Wayne County Board of Commissioners, the Wayne County Court of Common Pleas, the Wayne County Probate Court, nor any other judicial, quasi-judicial, or administrative body.

. . .

Defendant [] Scheibe, through counsel, *conceded that the only remaining genuine issue of material fact related to the damages element of [Treasurer Koch's] foreclosure claim at a pre-trial hearing held December 10, 2024.*

(Emphasis added.)

{¶3}    Mr. Scheibe now appeals raising two assignments of error for our review. We group the assignments of error to better facilitate our discussion.

II.

### ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING [TREASURER KOCH'S] SECOND MOTION FOR SUMMARY JUDGMENT ON THE BASIS [MR. SCHEIBE] COULD NOT RAISE AN AFFIRMATIVE DEFENSE IN A FORECLOSURE ACTION BECAUSE [MR. SCHEIBE] FAILED TO EXHAUST ALL ADMINISTRATIVE AND STATUTORY REMEDIES AVAILABLE TO HIM.**

---

[1] Treasurer Koch's first Motion for Summary Judgment was denied in order to allow the parties to engage in discovery relating to Mr. Scheibe's affirmative defense.

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING [MR. SCHEIBE'S] MOTION FOR SUMMARY JUDGMENT WHEN THE UNDISPUTED FACTS IN THE RECORD SUPPORTED HIS AFFIRMATIVE DEFENSE.**

{¶4}    In his first and second assignments of error, Mr. Scheibe argues the trial court erred in granting summary judgment in favor of Treasurer Koch and denying summary judgment in his favor.

{¶5}    Appellate review of an award of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is appropriate under Civ.R. 56 when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C). A court must view the facts in the light most favorable to the non-moving party and must resolve any doubt in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359 (1992). A trial court does not have the liberty to choose among reasonable inferences in the context of summary judgment, and all competing inferences and questions of credibility must be resolved in the nonmoving party's favor. *Perez v. Scripps-Howard Broadcasting Co.*, 35 Ohio St.3d 215, 218 (1988).

{¶6}    The Supreme Court of Ohio has set forth the nature of this burden-shifting paradigm as follows:

> [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden

under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.

*Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).

{¶7}     As indicated above in the trial court's order, Mr. Scheibe is only challenging the amount owed to Wayne County as to his sewer assessments for Fiore's Italian Ristorante.  Mr. Scheibe is not challenging the validity of the foreclosure action itself.  In *Alt v. Pazmino-Stanfield*, 2018-Ohio-2346 (3d Dist.), the Third District Court of Appeals faced a similar issue where the Seneca County Treasurer filed a complaint for foreclosure against landowners and the landowners, through an affirmative defense, challenged the amount of tax owed to Seneca County.  The trial court granted summary judgment in favor of the county and the landowners appealed.  The Third District Court of Appeals, in upholding the trial court's granting of summary judgment in favor of the Seneca County Treasurer, reasoned:

> Here, the record demonstrates that Appellee attached to its complaint a "preliminary judicial report" that revealed Appellants' land was listed on the "delinquent land list" for 2015. Accordingly, the State of Ohio, on behalf of Appellee, established a prima-facie case through the tax certificate that there were delinquent taxes, assessments, charges, penalties, and interest associated with Appellants' property and that such delinquencies created a valid lien on Appellants' property.
>
> *While Appellants dispute the amount of taxes owed on their property, it is uncontroverted that Appellants admit that they are delinquent in the payment of their taxes and assessments.* Furthermore, Appellee, during his deposition testimony, produced an exhibit with all of Appellants' real property tax payments since the second half of 2011. Appellee testified that Appellants (during the time period relating to the ligation) paid less on their taxes than the total balance due.

Finally, Appellee also testified that Appellants had not paid the full year of real estate taxes for 2016.

Appellants, *while raising hypothetical questions about the correct amount of tax owed*, failed in their burden to establish a genuine issue of material fact to survive Appellee's summary judgment motion.

(Emphasis added.) *Alt v. Pazmino-Stanfield* at ¶ 19-21.

{¶8} Here, similar to *Alt*, the record indicates Mr. Scheibe, through counsel, made concessions or admissions at the December 10, 2024 pre-trial which the trial court clearly considered in its decision to grant summary judgment in favor of Treasurer Koch. Those concessions, according to the trial court, only left the question of damages, or the amount of tax owed, for the trial court's consideration with regard to whether summary judgment in favor of Treasure Koch was proper. Mr. Scheibe, however, failed to provide a transcript of the December 10, 2024 pre-trial hearing or to include a statement pursuant to App.R. 9(C). As this Court has previously stated, "[i]t is an appellant's burden to provide a transcript for review, because an appellant has the duty of showing error by reference to the record." *Thompson v. Thompson*, 2024-Ohio-6069, ¶ 9 (9th Dist.), citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *ATCL 1, LLC v. State of Ohio Bd. of Pharmacy*, 2023-Ohio-59, ¶ 6 (9th Dist.), ¶ 6, quoting *Knapp* at 199.

{¶9} Thus, because Mr. Scheibe failed to provide a transcript of the December 10, 2024 pre-trial hearing, where concessions specific to the granting of Treasurer Koch's motion for summary judgment were allegedly made, or submit an App.R. 9(C) statement, we are unable to undertake a complete review of the trial court's decision. "In the absence of a complete record, this Court is obligated to presume regularity in the proceedings below." *Niederst v. Niederst*, 2024-

Ohio-5297, ¶ 30 (9th Dist.), quoting *Auth v. Indus. Physical Capability Servs., Inc.*, 2017-Ohio-1268, ¶ 15 (9th Dist.).

{¶10}   Accordingly, Mr. Scheibe's first and second assignments of error are overruled.

III.

{¶11}   Mr. Scheibe's two assignments of error are overruled.  The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

STEVENSON, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

LOGAN TROMBLEY, Attorney at Law, for Appellant.

ANGELA WYPASEK, Prosecuting Attorney, and JOSEPH SALZGEBER, Assistant Prosecuting Attorney, for Appellee.